IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **EILEEN M. HYLIND** | * |
| Plaintiff | * |
| v. | * Civil No. **PJM 03-116** |
| **XEROX CORPORATION** | * |
| Defendant | * |

# MEMORANDUM OPINION

Eileen Hylind sued Xerox Corporation for sexual discrimination and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"), and, following trial, a jury awarded her compensatory damages, later capped at the statutory maximum of $300,000. The Court subsequently awarded Hylind $896,509 in economic damages (back pay). The Court now addresses three outstanding motions for attorneys' fees and costs. No hearing is necessary to dispose of this matter. *See* Local Rule 105.6 (D. Md.).

For the reasons that follow, Hylind's Motion for an Award of Costs [Paper No. 383] is **GRANTED IN PART AND DENIED IN PART**. Her Petition for Attorneys' Fees for Representation by the Law Firm of Joseph, Greenwald & Laake [Paper No. 384] is **GRANTED IN PART AND DENIED IN PART**. Intervenor Laurence S. Kaye's Petition for Attorneys' Fees, Litigation Expenses, and Costs [Paper No. 391] is **GRANTED IN PART AND DENIED IN PART**.

I.

The Court set out the facts and history of this case in its Opinion and Order of August 18, 2008 [Paper Nos. 340 & 341], where it addressed a previous set of post-trial motions. That

factual recitation remains operative, and to the extent that additional factual or procedural matters are relevant, the Court will refer to them in the course of this Opinion. For now, it suffices to add the following:

Throughout much of the long history of this case, Hylind has proceeded on a *pro se* basis. In July 2003, the Court appointed Brian J. Markovitz, Esquire, to represent Hylind on a limited *pro bono* basis for the purpose of responding to Xerox's Motion to Dismiss. *See* Order of July 22, 2003 [Paper No. 14]. The Court's Order appointing Markovitz expressly permitted him to seek attorneys' fees "as allowed by applicable statute." *Id.* Markovitz represented Hylind through her successful passage through the motion to dismiss stage, and concluded his representation on November 21, 2003. *See* Order of November 21, 2003 [Paper No. 30].

For the next 23 months, Hylind proceeded *pro se*. However, shortly after she succeeded in surviving Xerox's Motion for Summary Judgment on her own, *see Hylind v. Xerox Corp.*, 380 F. Supp. 2d 705 (D. Md. 2005), she retained the services of Laurence S. Kaye, Esquire, with whom she entered into a retainer and fee agreement on November 17, 2005, *see* Ex. to Laurence S. Kaye's Motion to Intervene [Paper No. 284]. Under the terms of that agreement, Kaye is entitled to the greater of: (1) 25 percent of any judgment rendered in Hylind's favor (including back pay), or (2) a court award of attorneys' fees. *Id.*

Kaye represented Hylind through trial. However, shortly thereafter Hylind discharged him after the two allegedly disagreed regarding post-trial legal strategy. *See* Correspondence from Eileen Hylind to the Court, Dated September 27, 2007 [Paper No. 281]. Although Kaye's representation of Hylind was terminated on October 12, 2007, *see* Order Granting Kaye's Motion to Withdraw [Paper No. 291], with leave of court Kaye filed a Motion to Intervene [Paper No. 284] in an effort to protect his attorney lien and fee interest in the case. Although the

Court initially deferred its ruling on the Motion to Intervene pending the resolution of other post-trial matters, it ultimately granted the Motion by Order dated January 31, 2011 [Paper No. 415].

In recent months, three motions for attorneys' fees and costs have been filed. Hylind has filed her own Motion for an Award of Costs [Paper No. 383], in which she requests reimbursement for various categories of expenses she claims are litigation-related.[1] Markovitz has filed a Petition for Attorneys' Fees for Representation by the Law Firm of Joseph, Greenwald & Laake [Paper No. 384], in which he seeks compensation primarily for his own time and that of law clerks working under his supervision. Kaye has filed a Petition for Attorneys' Fees, Litigation Expenses, and Costs [Paper No. 391], in which he asks the Court for a substantial award of attorneys' fees and litigation expenses. All other post-trial matters having been resolved, the Court is prepared to rule on the three motions and issue a Final Order of Judgment closing this case.

## II.

In a Title VII action, "the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee (including expert fees) as part of the costs . . . ." 42 U.S.C. § 2000e-5(k). In calculating an award of attorneys' fees under Title VII, the court should usually "determine a 'lodestar' figure by multiplying the number of reasonable hours expended times a reasonable rate." *Brodziak v. Runyon*, 145 F.3d 194, 196 (4th Cir. 1998) (quoting *Daly v. Hill*, 790 F.2d 1071, 1077 (4th Cir. 1986)). In deciding what constitutes a "reasonable" number of hours and rate, the court is guided by the following particular factors:

---

[1] Hylind has also filed a separate Bill of Costs [Paper No. 382] with the Clerk of the Court. In that filing, Hylind seeks some $23,504.88 in court fees, transcript costs, witness fees, and photocopying expenses.

(1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

*Brodziak*, 145 F.3d at 196 (quoting *EEOC v. Serv. News Co.*, 898 F.2d 958, 965 (4th Cir. 1990)). In the District of Maryland, a district judge's determination of a reasonable rate is also guided by Appendix B to the Court's Local Rules, which sets out non-binding guidelines regarding hourly rates. *See* Local Rules app. B (D. Md.); *see also Poole v. Textron, Inc.*, 192 F.R.D. 494, 509 (D. Md. 2000) (noting that Appendix B to the Local Rules "provide[s] a presumptively reasonable range of hourly rates in civil rights and discrimination cases").[2]

In determining what rate should apply to an award of attorneys' fees, "a court must consider the effect of delay in payment (due to lengthy litigation or otherwise) on the calculation of a reasonable fee." *Johannssen v. Dist. No. 1—Pac. Coast Dist.*, 292 F.3d 159, 180 (4th Cir. 2002). To that end, the court "may apply a fee rate based on an assessment of an attorney's reasonable rate under current market conditions rather than the rates that were appropriate at the

---

[2] Currently, Appendix B sets out the following guidelines regarding hourly rates:

Lawyers admitted to the bar for less than five (5) years: $150-190.

Lawyers admitted to the bar for five (5) to eight (8) years: $165-250.

Lawyers admitted to the bar for nine (9) to fourteen (14) years: $225-300.

Lawyers admitted to the bar for fifteen (15) years or more: $275-400.

Paralegals and law clerks: $95-115.

Local Rules app. B (D. Md.).

time the service was rendered, or alternatively can use historical rates plus some reasonable rate of interest." *Id.*

Because "attorneys' fees and expenses are inseparably intertwined as equally vital components of the costs of litigation," *Daly*, 790 F.2d at 1083, an award of fees may also include reasonable litigation expenses, *see Spell v. McDaniel*, 852 F.2d 762, 771 (4th Cir. 1988). This refers to "those out-of-pocket expenses incurred by the attorney which are normally charged to a fee-paying client, in the course of providing legal services." *Id.* (internal citations and quotation marks omitted).

As a general rule, *pro se* Title VII litigants are not entitled to attorneys' fees, nor are they entitled to an award of litigation expenses as part of attorneys' fees. *See Kay v. Ehrler*, 499 U.S. 432, 435 (1991) (noting that "a *pro se* litigant [in a civil rights action] . . . is not entitled to attorney's fees"); *Rhoads v. FDIC*, 286 F. Supp. 2d 532, 543 (D. Md. 2003) (ADA case) ("Since *pro se* litigants are not entitled to fee awards authorized by fee-shifting statutes, they also cannot recover attorney litigation expenses.") (internal citation omitted); *Rainone v. Potter*, 388 F. Supp. 2d 120, 127 (E.D.N.Y. 2005) ("Title VII permits a court, in its discretion, to award the prevailing party a reasonable attorney's fee, including expert fees, as part of the costs. . . . However, *pro se* litigants such as the Plaintiff in this case are not entitled to fee awards or litigation expenses authorized by fee-shifting statutes.").

Finally, with respect to both attorneys' fees and litigation expenses, the party seeking the award must provide adequate documentation of the requested amounts. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) ("Where the documentation of hours is inadequate, the district court may reduce the award accordingly."); *Trimper v. City of Norfolk*, 58 F.3d 68, 77

(4th Cir. 1995) ("[T]he law is clear that no litigation costs should be awarded in the absence of adequate documentation . . . .").[3]

### III.

The Court concludes that the attorneys who represented Hylind in her lawsuit against Xerox—particularly Kaye—deserve substantial awards of fees for the time, energy, and expense they invested in the prosecution of a lengthy and complex lawsuit. As the Court's prior opinions make plain, this case involved novel issues of employment discrimination law,[4] resulted in a 15-day jury trial, was prosecuted over a period of more than eight years, and culminated in a total judgment in Hylind's favor of nearly $1.2 million dollars. That the case required the expenditure of substantial time and labor, raised novel and difficult questions, required considerable attorney skill, and produced a favorable result for Hylind, is beyond dispute. *See Brodziak*, 145 F.3d at 196 (outlining the factors a court should consider in making an award of attorneys' fees). With that perspective in mind, the Court will address each of the three outstanding motions for attorneys' fees and costs.

### IV.

---

[3] Title VII aside, "costs—other than attorney's fees—" are generally allowed to the prevailing party in any case in federal court, "[u]nless a federal statute, [the Federal Rules of Civil Procedure], or a court order provides otherwise." *See* Fed. R. Civ. P. 54(d)(1). Such "costs" are taxed by the Clerk of the Court, although the Clerk's decisions may be reviewed by the Court on motion. *See id.* Pursuant to statute, however, those costs are limited to: fees of the Clerk and Marshal; fees for transcripts; fees and disbursements for "printing and witnesses"; fees for copies "necessarily obtained for use in the case"; certain docket fees; and certain costs associated with interpreters and court-appointed experts. *See* 28 U.S.C. § 1920; *see also* Guidelines for Bills of Costs (D. Md.), *available at* http://www.mdd.uscourts.gov/publications/Forms/BillofCostsGuidelines.pdf. Hylind's separately-filed Bill of Costs [Paper No. 382], *see supra* note 1, was submitted pursuant to these provisions.

[4] *See Hylind*, 380 F. Supp. 2d at 714-18 (considering whether a Title VII plaintiff can make out a *prima facie* case of gender discrimination by showing that she was assigned to a particular sales account "in order to suit the gender preference of a key [customer] contact at that account").

In her Motion for an Award of Costs [Paper No. 383], Hylind asks for an award of: (1) pre-judgment interest on the costs she submitted to the Clerk in her separately-filed Bill of Costs [Paper No. 382]; (2) out-of-pocket medical expenses;[5] (3) out-of-pocket debt service expenses;[6] (4) pre-litigation expenses;[7] (5) expert fees;[8] (6) litigation expenses;[9] and (7) interest on all of the foregoing. She requests a total award of some $141,342.20.

Xerox objects to most of these costs. Primarily, Xerox insists that, as a *pro se* litigant, Hylind has no right to attorneys' fees under Title VII, nor to an award of litigation expenses as part of attorneys' fees. Xerox further argues that, even if Hylind were entitled to an award for many of the expenses at issue, most of her requests, for various reasons, are unreasonable and/or insufficiently documented to justify the relief she seeks.

Interestingly, however, Xerox appears to concede that Hylind is entitled to at least a portion of the expert fees for which she seeks reimbursement. Although Xerox has argued, with considerable authority in support of its position, that a *pro se* plaintiff such as Hylind cannot recover under 42 U.S.C. § 2000e-5(k), its concession may flow from the fact that, of the

---

[5] These include: fees paid to physicians of various specialties, mileage costs, prescription costs, fees associated with the surgical removal of a "benign nodule" in Hylind's nose, parking fees, "apothecary" fees, fees paid to dentists, amounts paid to purchase Excedrin, amounts paid for an "attempted colonoscopy," cab fares, amounts paid to purchase "Chinese herbs," and fees paid for acupuncture, among other things.

[6] These include home equity interest payments, mortgage interest charges, and credit card finance charges.

[7] According to Hylind, these are out-of-pocket expenses she incurred while pursuing her administrative remedies—i.e., before she filed suit in this Court. As documentation for these expenses, she provides nothing more than amounts reported on her end-of-year tax returns.

[8] These include fees paid to: Anthony Bird, a vocational expert; Dr. Richard Edelman, an economic expert; Dr. John Henderson, a psychiatric expert; Marc Pushkin, an actuary; and the Kaye Law Firm (apparently as reimbursement to attorney Kaye for certain deposition fees and rental car fees).

[9] These include amounts paid for postage, copies, office supplies, mileage, parking, ink cartridges, notarization of documents, hotel rooms, airfare, a document scanner, jury consulting services, jury focus groups, a laptop computer, LexisNexis research, and a replacement computer, among other things.

$23,443.82 in expert fees Hylind requests, the majority—some $18,743.82, or 80 percent of the total—was incurred during attorney Kaye's representation, which began in October 2005 and ended in September 2007. In other words, most of the expert fee expenses appear to be expenses that were paid by Hylind herself—and not by Kaye—*while she was represented by counsel*.

For the most part, the Court agrees with Xerox. As a *pro se* litigant, Hylind is generally barred from seeking attorneys' fees and/or litigation expenses under Title VII's attorneys' fees provision. *See Kay*, 499 U.S. at 435; *Rhoads*, 286 F. Supp. 2d at 543; *Rainone*, 388 F. Supp. 2d at 127.[10] At the same time, given Xerox's apparent concession that Hylind is entitled to at least some portion of the expert fee expenses she requests, the Court will—without discussing the propriety *vel non* of the request—**GRANT IN PART** Hylind's Motion and award her $18,743.82 for the expert fee expenses apparently paid out of her own pocket during the time she was represented by attorney Kaye. In all other respects, the Court will **DENY** Hylind's Motion.[11]

V.

In his Petition for Attorneys' Fees for Representation by the Law Firm of Joseph, Greenwald & Laake [Paper No. 384], Markovitz seeks compensation for 18 hours of his own

---

[10] To the extent that any of the expenses for which Hylind seeks reimbursement under Title VII may be compensable under 28 U.S.C. § 1920, *see supra* note 3, she should seek to amend the Bill of Costs [Paper No. 382] she filed with the Clerk.

[11] The Court notes that a sizeable percentage of the costs outlined in Hylind's Motion—primarily $15,833.03 in medical expenses and $18,299.04 in out-of-pocket debt service expenses—would be non-compensable irrespective of Hylind's status as a *pro se* litigant. As Xerox notes in its Response to Hylind's Motion, medical expenses are not litigation expenses and are thus not recoverable as part of an award of attorneys' fees. *See Spell*, 852 F.2d at 771 (noting that recoverable litigation expenses are "those out-of-pocket expenses incurred by the attorney *which are normally charged to a fee-paying client, in the course of providing legal services*") (internal citations and quotation marks omitted) (emphasis added). The same is true as to Hylind's debt service expenses, since home equity interest payments, mortgage interest charges, credit card finance charges, and the like are not the sort of expenses an attorney typically charges to a fee-paying client.

time (at $300 per hour), 14.6 hours of law clerk time (at $115 per hour), and $53.04 in LexisNexis charges. In total, Markovitz asks the Court to award him $7,132.04.

Although Xerox agrees that Markovitz is entitled to an award of some dimension, it raises three objections to the request. First, it argues that, of Markovitz's 18 hours, 1.3 should be disallowed because they are associated with tasks performed after October 13, 2003, when Markovitz informed Hylind by letter that his representation of her was complete. Second, Xerox asserts that $225 per hour—as compared to $300 per hour—would be a more appropriate estimation of the value of Markovitz's time, especially since, at the time Markovitz represented Hylind, he had been practicing law for less than three years. Finally, Xerox maintains that Markovitz's request for $53.04 in LexisNexis charges is inappropriate because Hylind has indicated—in her own Motion for an Award of Costs [Paper No. 383]—that she reimbursed Markovitz's firm for those very charges.

The Court agrees with Xerox that $225 per hour would serve as a more appropriate estimate of the value of Markovitz's time. Even under the Court's *current* hourly rates guidelines, the rate range for an attorney with less than five years of experience is $150-$190 per hour, and the rate range for an attorney with 9-14 years of experience is $225-$300 per hour. Local Rules app. B (D. Md.). Given that Markovitz had been practicing for less than three years when he represented Hylind, and given that, even now, Markovitz has been practicing for only ten years, a rate at the low end of the current guidelines range for an attorney with 9-14 years of experience seems more than reasonable.

The Court also agrees with Xerox that Markovitz should not be reimbursed for the LexisNexis charges at issue, since Hylind's own Motion shows a payment of $53.04 for "Joseph Greenwald and Laake, Lexix [sic] Nexis online research." *See* Hylind's Motion for an Award of

Costs [Paper No. 383] Ex. 5 at 10. However, the Court does not agree with Xerox that 1.3 of Markovitz's 18 hours should be disallowed, since Markovitz has plausibly represented to the Court that—even though the hours at issue came after Markovitz formally terminated his representation of Hylind—the time was spent assisting Hylind with her transition to the next stage of the litigation. *See* Md. R. Prof'l Conduct 1.16(d) (noting that, upon termination of representation, a lawyer has an ethical obligation to "take steps to the extent reasonably practicable to protect a client's interests").

Accordingly, the Court will **GRANT IN PART** Markovitz's Petition and award him $5,729, which consists of $4,050 representing Markovitz's own time (18 hours multiplied by $225 per hour) and $1,679 representing hours worked by paralegals (14.6 hours multiplied by $115 per hour). The Court will **DENY** the Petition in all other respects.

## VI.

In his Petition for Attorneys' Fees, Litigation Expenses, and Costs [Paper No. 391], Kaye seeks compensation for 735.25 hours of his own time (at $450 per hour); 19.4 hours of time spent by his associate, Brian Loffredo, Esquire (at $285 per hour); and 227.9 hours spent by another associate, Alan Boal, Esquire (at $240 per hour). Kaye also seeks $20,496.91 in deposition costs, witness fees, and other litigation expenses. In total, he asks the Court to award him $411,584.41.

Xerox raises a multitude of objections to Kaye's Petition. The Court will not set out each objection in detail. For purposes of this Opinion, it suffices to state that Xerox argues as follows: (1) the hourly rates Kaye applies are unreasonably high and should be reduced to $335 for Kaye, $195 for Loffredo, and $160 for Boal; (2) numerous hours should be subtracted from Kaye's totals because they are either: (a) duplicative, (b) associated with unnecessary or excessive tasks,

(c) associated with tasks having nothing to do with Xerox, or (d) associated with tasks which are non-compensable under the Local Rules; (3) Kaye's hours and those of his associates should be further reduced by 15 percent because Hylind did not prevail on all of her claims and because Kaye's litigation strategy resulted in unnecessary expenditures; (4) certain of Kaye's hours and those of his associates should be charged at a rate of $95 because the tasks with which they are associated could have been performed by paralegals; and (5) most of the litigation costs for which Kaye seeks reimbursement should be disallowed because they are either: (a) unnecessary, (b) excessive, (c) improperly documented, or (d) non-compensable pursuant to law.

The Court rejects Xerox's argument that Kaye's hours and those of his associates should be reduced across the board by some 15 percent because Hylind did not prevail on all of her claims and/or because Kaye's litigation strategy resulted in what Xerox characterizes as "unnecessary expenditures." As Xerox well knows, the jury awarded Hylind compensatory damages far in excess of the amount allowed under Title VII. Preliminarily, it is difficult for the Court to see how Kaye and his associates might have obtained a better result for their client—even if Hylind had prevailed on all of her claims. Moreover, although Xerox may take issue with certain aspects of Kaye's litigation strategy, the Court, having had ample opportunity to observe counsel for both parties over the course of this multi-year case, cannot conclude that Kaye engaged in inappropriate or unnecessarily expensive litigation tactics. This has been a long, complex, and difficult case—with good lawyering on both sides. The Court will not undertake to reduce Kaye's reported hours across the board on the grounds that he was insufficiently successful or that he was supposedly prone to engage in wasteful litigation tactics.

That said, the Court does agree with Xerox that the hourly rates applied by Kaye are somewhat excessive. Under the Court's current hourly rates guidelines, the rate range for an

attorney with less than five years of experience (Boal's experience level at the time of his representation) is $150-$190 per hour; the range for an attorney with 5-8 years of experience (Loffredo's experience level at the time of his representation) is $165-$250 per hour; and the range for an attorney with 15 or more years of experience (Kaye's experience level) is $275-$400 per hour. Local Rules app. B (D. Md.). Giving ample weight to the guidelines, the Court concludes that it would be appropriate to compensate Kaye and his associates at the mid-points of their respective experience ranges. Accordingly, the Court will apply a rate of $170 to Boal's hours, a rate of $207.50 to Loffredo's hours, and a rate of $337.50 to Kaye's hours.

In addition, for the following reasons, the Court will apply certain reductions to Kaye's requested hours and costs:

- 17.6 hours will be subtracted from Kaye's hours total, and another 7.4 will be subtracted from Loffredo's total, because the Motion to Amend Complaint [Paper No. 145] with which they are associated was, as Kaye concedes, not "sufficiently intertwined with the other items related to the trial preparation."

- 6.4 hours will be subtracted from Kaye's hours total because the Motion to Intervene [Paper No. 284] with which they are associated was necessary only because of a disagreement that arose between Hylind and Kaye, and not because of anything having to do with Xerox.

- 1.7 hours will be subtracted from Kaye's hours total because Kaye concedes that the teleconference-related time entries with which they are associated are duplicative.

- 4.5 hours associated with Boal's attendance at a pre-trial conference will be subtracted because, pursuant to Appendix B to the Local Rules, "[o]nly one lawyer for each party shall be compensated for attending hearings." Local Rules app. B (D. Md.).

- 6.3 hours associated with Boal's efforts to correct certain document production errors will be subtracted because, as Kaye concedes, the errors at issue are not attributable to Xerox.

- A rate of $95 per hour will be applied to 14 of Boal's hours because, as Kaye concedes, the tasks with which they are associated could have been performed by a paralegal.

- $6,355.77 in deposition videotaping costs will be subtracted from Kaye's costs total. Although Kaye argues that the videotaping of depositions can be useful for impeachment purposes, he does not counter Xerox's assertion that, because the video recordings at issue were not used at trial, it would appear that their production was unnecessary in this case.

- $3,430.06 in fees for copying services will be subtracted from Kaye's costs total because Kaye does not counter Xerox's observation that the expenses have not been properly documented.

- $611.36 in witness fees will be subtracted from Kaye's costs total because such fees are more properly presented in the form of a Bill of Costs filed with the Clerk. *See* 28 U.S.C. § 1920; Guidelines for Bills of Costs (D. Md.).

Summing up, the Court will **GRANT IN PART** Kaye's Petition and award him $287,919.85, consisting of $239,473.13 representing Kaye's own time (709.55 hours multiplied by $337.50 per hour); $2,490 representing hours worked by Loffredo (12 hours multiplied by $207.50 per hour); $34,527 representing hours worked by Boal (203.1 hours multiplied by $170 per hour); $1,330 representing paralegal time (14 hours multiplied by $95 per hour); and $10,099.72 in litigation costs. The Court will **DENY** the Petition in all other respects.

## VII.

For the foregoing reasons, Hylind's Motion for an Award of Costs [Paper No. 383] is **GRANTED IN PART AND DENIED IN PART**. Hylind's Petition for Attorneys' Fees for Representation by the Law Firm of Joseph, Greenwald & Laake [Paper No. 384] is **GRANTED IN PART AND DENIED IN PART**. Intervenor Laurence S. Kaye's Petition for Attorneys' Fees, Litigation Expenses, and Costs [Paper No. 391] is **GRANTED IN PART AND DENIED IN PART**.

A separate Order will **ISSUE**.

/s/
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE

**February 28, 2011**