IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **EILEEN M. HYLIND** | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil No. **PJM 03-116** |
| | * | |
| **XEROX CORPORATION** | * | |
| | * | |
| Defendant. | * | |

## MEMORANDUM OPINION & ORDER

The Court entered a Final Order of Judgment in this case on March 1, 2011 [Docket No. 419]. On June 6, 2012, the United States Court of Appeals for the Fourth Circuit issued an opinion affirming in part, vacating in part, and remanding the Judgment. In particular, the Fourth Circuit vacated the damages award and remanded to this Court for it re-assess its offset determinations in light of *Sloas v. CSX Transp., Inc.*, 616 F.3d 380 (4th Cir. 2010). The Fourth Circuit's mandate was issued on July 18, 2012. The parties have asked this Court to clarify the status of the attorneys' fee awards in the Judgment in light of the Fourth Circuit's opinion.

Intervenor Laurence S. Kaye, Esquire and Defendant Xerox Corporation take the position that the attorneys' fee awards are separate from the other damages set forth in the Judgment and that Xerox is prepared to pay the fee awards voluntarily. Plaintiff Eileen M. Hylind argues that because the attorneys' fee awards are derivative of her damages, payment of any fee awards while she pursues relief in the Supreme Court is improper. Ms. Hylind further contends that the Court should issue a statement making clear that the attorneys' fee awards are not considered income to her and that any contractual arrangements between her and her former counsel, Mr. Kaye, are void and unenforceable.

1

Having considered the parties' arguments, along with the Court's previous rulings and the Fourth Circuit's opinion, the Court concludes that the attorneys' fee awards in the Judgment are final, not subject to revision on remand or otherwise, and separate and divisible from the other damages awards.  Plaintiff's request that the Court declare the fees non-taxable and that any agreement she may have had with Mr. Kaye is void and unenforceable is rejected.  The payment of the attorneys' fee awards with post-judgment interest as provided by 28 U.S.C. § 1961 shall be made directly to Laurence S. Kaye and Brian J. Markovitz.  Mr. Kaye and Mr. Markovitz are **DIRECTED** to file a notice with the Court that the attorneys' fee awards in the Judgment have been satisfied once payments have been made.  Mr. Kaye, Mr. Markovitz, and Ms. Hylind will then have no further claim against Xerox for attorneys' fees in this case for any work performed prior to the issuance of this order.

In light of Ms. Hylind's representation that she intends to file a petition for writ of certiorari with the Supreme Court, this Court defers further action on remand, with the exception of Ms. Hylind's Bill of Costs, until the Supreme Court has either denied the petition or issued a final decision.

                                                                                                        /s/
                                                                          **PETER J. MESSITTE**
**August 21, 2012**                                           **UNITED STATES DISTRICT JUDGE**