IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **EILEEN M. HYLIND** | * | |
| Plaintiff | * | |
| v. | * | Civil No. **PJM 03-116** |
| **XEROX CORPORATION** | * | |
| Defendant. | * | |

## MEMORANDUM OPINION

Plaintiff Eileen M. Hylind has filed a Motion for Declaratory Judgment as to Federal Legal Rate of Interest (Dkt. 533), asking the Court to clarify the federal legal rate of interest referenced in its Order dated November 8, 2013. Defendant Xerox Corporation objects to Hylind's Motion, and has filed a Motion for Leave to File a Surreply (Dkt. 537). Xerox's Motion for Leave to File a Surreply is **GRANTED**. For the reasons that follow, Hylind's Motion for Declaratory Judgment is **DENIED**, but the Court's Order dated November 8, 2013 is **MODIFIED**.

**I.**

The factual background of this case is set out in the Court's Opinion of August 15, 2008 (Dkt. 340). The following aspects of the case's procedural history are relevant to the present issue before the Court: namely the rate at which and the date from which post-judgment interest should be awarded on the $300,000 compensatory damages awarded to Hylind.

On June 29, 2007 a jury returned a verdict in favor of Hylind in the amount of $1,500,000 in compensatory damages and awarded no punitive damages. (Dkt. 276). On August 15, 2008, the Court granted Xerox's Motion to Reduce Jury Damages to Statutory Cap and denied

Hylind's Motion for Judgment Notwithstanding the Verdict. The Court stated that "[j]udgment *will be* entered in favor of Hylind . . . in the total amount of $300,000 in compensatory damages." (Dkt. 340, emphasis added). But it added: "The Court **DEFERS** entering a final order of judgment in favor of Hylind pending resolution of other post-trial motions pending before the Court." (Dkt. 340, 341).

On September 17, 2010, the Court entered an Opinion addressing various post-trial motions of the parties, as well as an Order of Judgment. That Order awarded Hylind "$300,000 in compensatory damages and $896,509 in economic damages (back pay), for a total of $1,196,509 . . . ." (Dkt. 380). The Opinion addressed, in part, the calculation of the back pay award, including the offset for disability payments, and assessed 6% pre-judgment interest on the back pay award only, through September 2010. (Dkt. 378 at 11-12). The Court noted that post-judgment interest would be governed by 28 U.S.C. § 1961, and that "to the extent that any post-judgment interest may be due, it will be governed by that statutory rate." (Dkt. 378 at 12).

Three motions for attorneys' fees and costs followed. On February 28, 2011, the Court, "having resolved all outstanding post-trial matters in this action," issued a "Final Order of Judgment" which, in addition to reiterating the $300,000 compensatory damages award, awarded Hylind $18,743.82 in litigation costs. The attorneys who represented her were also awarded attorneys' fees. (Dkt. 417).

Both Hylind and Xerox appealed to the United States Court of Appeals for the Fourth Circuit. That Court upheld this Court's award of 6% pre-judgment interest on the back pay award; the issue of post-judgment interest, however, was not appealed. *Hylind v. Xerox Corp.*, 481 F. App'x 819, 822 (4th Cir. 2012). In fact, the Fourth Circuit "affirm[ed] the judgment of the district court in each respect, except for its decision to offset Hylind's disability payments

2

from her back pay award." *Id*. at 825. The judgment was vacated and remanded on that issue alone.

Because the compensatory damages award was not affected by the Fourth Circuit's remand, this Court asked counsel for Hylind during a hearing on October 8, 2013 to advise whether Hylind would like a partial final judgment entered as to the compensatory damages award. (Tr. at 38:25-40:24; 57:19-58:23). By letter dated October 22, 2013, counsel for Hylind did ask the Court to enter a partial final judgment and to award her pre-judgment interest on that amount at a rate of 6%. (Dkt. 520). Xerox objected to Hylind's request for pre-judgment interest on compensatory damages and costs. (Dkt. 521). On November 8, 2013, following a telephone conference with the parties on November 7, 2013, the Court entered a Final Order of Partial Judgment awarding Hylind:

> $300,000 in compensatory damages, effective June 29, 2007, to bear interest at the federal legal rate of interest from that date until paid. With regard to the Court's Order dated February 28, 2011, Plaintiff remains entitled to $18,743.82 in litigation costs, effective as of February 28, 2011, but no interest shall be due thereon.

(Dkt. 526). Hylind's initial Motion, seeking an order declaring the above-referenced "federal legal rate of interest" to be 4.95%, followed.

**II.**

Unless a case is expressly exempt from the scope of 28 U.S.C. § 1961, the federal post-judgment interest rate applies to cases adjudicated in federal court, regardless of the basis for jurisdiction. *Maddox v. Am. Airlines, Inc*., 298 F.3d 694, 699-700 (8th Cir. 2002). The award of post-judgment interest is mandatory under 28 U.S.C. § 1961. *Indu Craft, Inc. v. Bank of Baroda*, 87 F.3d 614, 619 (2d Cir. 1996); *McDevitt & St. Co. v. Marriott Corp*., 948 F.2d 1281 (4th Cir. 1991).

3

The federal post-judgment interest rate is determined pursuant to 28 U.S.C. § 1961(a), which provides that:

> Interest shall be allowed on any money judgment in a civil case recovered in a district court. . . . Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding [.] the date of the judgment.

The Supreme Court has held that "postjudgment interest properly runs from the date of the entry of judgment", not the date of the verdict. *Kaiser Aluminum & Chem. Corp. v. Bonjorno*, 494 U.S. 827, 835 (1990). "Even though denial of interest from verdict to judgment may result in the plaintiff bearing the burden of the loss of the use of the money from verdict to judgment, the allocation of the costs accruing from litigation is a matter for the legislature, not the courts." *Id*.

"Postjudgment interest runs only from a final, appealable judgment." *Dishman v. UNUM Life Ins. Co. of Am.*, 269 F.3d 974, 990 (9th Cir. 2001). Whether post-judgment interest runs from the date of the initial judgment or the amended judgment on remand requires "an inquiry into the nature of the initial judgment, the action of the appellate court, the subsequent events upon remand, and the relationship between the first judgment and the modified judgment." *Biscayne Oil & Gas, Inc. v. Burdette Oil & Gas Co., Inc.*, 1991 WL 224261 at *5, 947 F.2d 940 (4th Cir. 1991) (quoting *Bailey v. Chattem, Inc.*, 838 F.2d 149, 154 (6th Cir. 1988)). Where, as here, "an original judgment is upheld for the most part but modified on remand, post-judgment interest should accrue from the date of the first judgment." *Cordero v. De Jesus-Mendez,* 922 F.2d 11, 17 (1st Cir. 1990).

**III.**

Hylind argues that the jury verdict date of June 29, 2007 is the date that establishes the applicable federal legal rate of interest in the $300,000 compensatory damages award under § 1961(a), which was 4.95% for the calendar week preceding June 29, 2007. Xerox responds that the earliest date that post-judgment interest can attach and begin to accrue is September [17],[1] 2010, at which time the applicable rate was only 0.26%. In reply, Hylind raises the argument—new in that pleading, but one presented to and rejected by this Court on a prior occasion—that the Court should award her *pre-judgment* interest on the compensatory damages award. She argues that because there was no ruling denying pre-judgment interest on the compensatory damages award, she was not obliged to raise this issue on appeal to the Fourth Circuit and thus has not waived her argument. Finally, Hylind argues in reply that Xerox's Response "constitutes an improper and untimely challenge to the Order, in violation of the time limits set forth in Fed. R. Civ. P. 59(e)."[2]

**IV.**

**A.**

As an initial matter, the Court rejects Hylind's argument that it lacks authority to amend the date from which interest accrues as set forth in its prior Order, absent a Rule 59(e) motion to alter or amend the judgment. "The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record.

---

[1] Xerox refers to a September 20, 2010 Order, but no Order was entered on that date. The Court assumes Xerox means to refer to its Order dated September 17, 2010.

[2] Xerox has filed a Motion for Leave to File a Surreply to address these new arguments, which Hylind opposes. Leave of court is necessary to file a surreply. *See* Local Rule 105.2(a). "Surreplies may be permitted when the moving party would be unable to contest matters presented to the court for the first time in the opposing party's reply." *Interphase Garment Solutions, LLC v. Fox Television Stations, Inc*., 566 F. Supp. 2d 460, 467 (D. Md. 2008). Xerox fairly seeks to address Hylind's argument that pre-judgment interest should be awarded on the compensatory damages award, which she raised for the first time in her Reply. Accordingly, the Court will **GRANT** Xerox's Motion for Leave to File a Surreply.

5

The court may do so on motion or on its own, with or without notice." Fed. R. Civ. P. 60. *See Kosnoski v. Howley*, 33 F.3d 376, 379 (4th Cir. 1994) (finding that a motion asking the court to fix the precise amount of interest previously awarded is a ministerial task within the scope of Rule 60).

**B.**

The key issue before the Court, then, is precisely when judgment was entered on the compensatory damages award for purposes of § 1961(a). The Court's Order dated November 8, 2013 stated that the $300,000 compensatory damages award would bear interest from June 29, 2007, the date of the verdict. Upon further reflection, the Court concedes error. Under *Kaiser Aluminum*, its judgment was not final on that date for purposes of § 1961(a). The next possible date of judgment would be August 15, 2008, when the Court reduced the jury award to the statutory cap of $300,000. However, this, too, cannot be the date of judgment because the Court expressly stated that it was deferring entering judgment at that time. (Dkt. 340, 341). It was only on September 17, 2010 that the Court entered partial judgment on the compensatory damages award. (Dkt. 380). When its "Final Order of Judgment" was entered on February 28, 2011 (Dkt. 419), it was merely summarizing the entire award, including the partial final judgments on compensatory and economic damages entered on September 17, 2010, and including for the first time an award to Hylind of $18,743.82 in litigation costs.

The Court finds that a final Partial Judgment was entered in favor of Hylind on the compensatory damages award for purposes of § 1961(a) on September 17, 2010, and it is from that date that the federal post-judgment rate of interest must run.

**C.**

In order to calculate the federal legal rate of interest, which is simple interest and not compounded interest, the Court must determine the "weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding [.] the date of the judgment." § 1961(a). The Court finds that that rate was 0.26%.[3] Counsel are directed to promptly submit worksheets to the Court, setting forth what the total of principal ($300,000) plus interest (0.26%) would be from September 17, 2010 through April 30, 2014.

**D.**

The Court rejects once again Hylind's request for pre-judgment interest on the $300,000 compensatory damages award. Unlike the award of post-judgment interest at the federal legal rate, the award of pre-judgment interest is discretionary. *Hylind*, 481 F. App'x at 822. The Court did not award pre-judgment interest on the compensatory damages award when it entered judgment on the award, and it will not do so now.

**V.**

For the foregoing reasons, the Court **GRANTS** Xerox Corporation's Motion for Leave to File a Surreply (Dkt. 537), **DENIES** Hylind's Motion for Declaratory Judgment as to Federal Legal Rate of Interest (Dkt. 533), and **MODIFIES** its Order dated November 8, 2013 such that the amount of $300,000 in compensatory damages upon which Partial Final Judgment was entered in favor of Hylind effective September 17, 2010, shall bear simple post-judgment interest at the federal legal rate of interest of 0.26% from that date until paid.

---

[3] *Available at* http://www.federalreserve.gov/releases/h15/20100920/h15.pdf.

A separate Order will **ISSUE**.

                                         /s/
                              **PETER J. MESSITTE**
                              **UNITED STATES DISTRICT JUDGE**

**April 23, 2014**